UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23179-Civ-COOKE/GOODMAN

MOUNTECH IP LLC,

    Plaintiff,

vs.

HMD AMERICA, INC.,

    Defendant.
_____/

## DEFENDANT'S ANSWER

Defendant HMD America, Inc. ("HMD") hereby answers the Complaint for Infringement of Patent (Dkt. 1) ("Complaint") filed by Plaintiff Mountech IP LLC ("Plaintiff") as follows.

### NATURE OF THE ACTION

With respect to the Complaint's specific allegations, claims, and prayers for relief in each correspondingly numbered paragraph, HMD responds as follows, based on information currently available to it and after a reasonable inquiry, reserving the right to amend:

1. HMD denies that it infringes either of U.S. Patent Nos. 7,991,784 ("the '784 Patent") or 8,311,805 ("the '805 Patent") (together, the "Asserted Patents"). HMD admits that attached to the Complaint are Exhibits A and B, which purport to be the '784 Patent and '805 Patent, respectively. To the extent this paragraph otherwise consists of conclusions of law, no response is required.

2. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations regarding Plaintiff and, on that basis, denies them.

3. HMD admits that it is a corporation organized and existing under the laws of Florida, with its principal place of business at 1200 Brickell Ave., Suite 510, Miami, Florida 33131. Otherwise, denied.

4. HMD admits that it provides products and services throughout the United States, including in this judicial district. Otherwise, denied.

5. To the extent this paragraph consists of conclusions of law, no response is required. Otherwise, denied.

6. To the extent this paragraph consists of conclusions of law, no response is required. Otherwise, denied.

7. For purposes of this action and Answer only, HMD does not dispute the Court's personal jurisdiction over HMD. Otherwise, denied.

8. HMD denies that it has infringed the Asserted Patents. For purposes of this action and Answer only, HMD does not dispute the Court's personal jurisdiction over HMD.

9. HMD denies that it has infringed the Asserted Patents. For purposes of this action and Answer only, HMD does not contest Plaintiff's assertion of venue in the Southern District of Florida.

## PLAINTIFF'S FACTUAL ALLEGATIONS

10. HMD admits that, on its face, the '784 Patent is titled "Automatic dynamic contextual data entry completion system" and identifies its date of issuance by the United States Patent and Trademark Office ("USPTO") as August 2, 2011. HMD admits that Exhibit A to the Complaint purports to be a copy of the '784 Patent. HMD lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them.

11. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

12. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

13. Denied.

14. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

15. Denied.

16. Denied.

17. Denied.

18. HMD admits that, on its face, the '805 Patent is titled "Automatic dynamic contextual data entry completion system" and identifies its date of issuance by the USPTO as November 13, 2012. HMD admits that Exhibit B to the Complaint purports to be a copy of the '805 Patent. HMD lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them.

19. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

20. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

21. Denied.

22. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

23. Admitted.

24. Admitted.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. HMD admits that Mountech attached a chart as Exhibit C to its Complaint but denies that the chart demonstrates infringement of any product. HMD lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them.

30. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

31. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

32. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

33. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

34. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

35. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

36. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

37. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

38. Denied.

39. HMD admits that Mountech attached a chart as Exhibit D to its Complaint but denies that the chart demonstrates infringement of any product. HMD lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, denies them.

40. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

41. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

42. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

43. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

44. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

45. Denied.

46. HMD incorporates by reference its responses in paragraphs 1–45 above.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. HMD lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

## RESPONSE TO JURY DEMAND

56. No response is required to Plaintiff's demand for a trial by jury, but pursuant to Fed. R. Civ. P. 38(b), HMD hereby demands a trial by jury on all issues raised by the Complaint which are properly triable to a jury, including without limitation HMD's defenses.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Having responded to the allegations in the Complaint as set forth above, HMD denies that Plaintiff is entitled to any relief, including the relief specified in its Prayer for Relief.

## GENERAL DENIAL

Unless specifically admitted, HMD denies each and every allegation contained in the Complaint.

## DEFENSES

Subject to the responses above, HMD alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, HMD specifically reserves all rights to allege additional defenses that become known through the course of discovery.

### First Defense – Failure to State a Claim

1. The Complaint fails to state a claim upon which relief can be granted.

### Second Defense – Noninfringement

2. HMD does not infringe and has not infringed, either literally or under the doctrine of equivalents, by direct, contributory or induced infringement, any valid and enforceable claim of the '784 Patent or the '805 Patent.

### Third Defense – Invalidity

3. Each asserted claim of the '784 Patent and the '805 Patent is invalid, unenforceable, and/or directed to unpatentable subject matter for failure to satisfy one or

more of the conditions of patentability, including without limitation those set forth in 35 U.S.C. §§ 101, 102, 103, 112, and those associated with the judicially-created prohibition against obviousness-type double patenting.

### Fourth Defense – Estoppel and Equitable Relief

4. Because of statements and/or representations made to and by the USPTO while prosecuting the patents identified in the complaint, Plaintiff's claims for relief are barred by one or more of the doctrines of judicial estoppel, agency estoppel, prosecution history estoppel, waiver, acquiescence, and/or unclean hands. HMD will identify such statements under the contention schedule set forth in this District.

### Fifth Defense – Limitation on Patent Damages

5. Plaintiff's claims for damages against HMD are limited by 35 U.S.C. §§ 286, 287 and/or 288.

### Sixth Defense – License

6. Plaintiff's accusations of infringement involve one or more third-party components which on information and belief may be licensed to one or more of the Asserted Patents.

### Seventh Defense - Exhaustion

7. On information and belief, Plaintiff's alleged patent rights in one or more products identified in the Complaint may have been exhausted prior to HMD's accused acts.

### Eighth Defense – No Equitable Relief

8. Plaintiff's remedies, if any, are limited to remedies at law which are adequate because any alleged injuries are not immediate nor irreparable such as would be required to support an injunction or other equitable relief.

### Ninth Defense – Good Faith, No Exceptional Case

9. HMD has engaged in all relevant activities in good faith, thereby precluding Plaintiff from recovering any attorneys' fees under 35 U.S.C. § 285, even if Plaintiff prevails on the merits.

### Tenth Defense – Lack of Exclusionary Right

10. To the extent Plaintiff lacks an exclusionary right over at least some of the activities accused of infringement, Plaintiff lacks standing to bring its claims.

### Eleventh Defense – Lack of All Substantial Rights

11. To the extent Plaintiff lacks all substantial rights in the '784 Patent and/or the '805 Patent, Plaintiff lacks standing to bring its claims.

### HMD'S PRAYER FOR RELIEF

WHEREFORE, HMD respectfully requests that the Court enter an Order and Judgment against Plaintiff as follows:

A. A dismissal with prejudice of Plaintiff's action against HMD;

B. A denial of any and all relief sought by Plaintiff;

C. A declaration that HMD does not infringe and has not infringed, either literally or under the doctrine of equivalents, by direct, contributory or induced infringement, each and every valid and enforceable claim of U.S. Patent Nos. 7,991,784 and 8,311,805;

D. A declaration that the claims of U.S. Patent Nos. 7,991,784 and 8,311,805 are invalid and/or unenforceable;

E. A judgment limiting or barring Plaintiff's ability to enforce in equity U.S. Patent Nos. 7,991,784 and 8,311,805;

F. An award to HMD of its attorneys' fees and costs incurred in connection with this action;

G. An injunction barring Plaintiff, its agents, attorneys, affiliates, and all persons acting on behalf or in concert with Plaintiff from alleging that HMD infringes any claim of U.S. Patent Nos. 7,991,784 and 8,311,805; and

H. Such other and further relief as the Court deems just and proper.

Dated: October 2, 2020                    Respectfully submitted,

*/s/Joseph W. Bain*
JOSEPH W. BAIN, ESQ.
Florida Bar No. 860360
Email Address: jbain@shutts.com
**SHUTTS & BOWEN LLP**
1100 CityPlace Tower
525 Okeechobee Boulevard
West Palm Beach, Florida 33401
Telephone: (561) 835-8500
Facsimile: (561) 650-8530

WILLIAM J. MCCABE, Esq.
Admitted *Pro hac vice*
wmccabe@perkinscoie.com
MATTHEW J. MOFFA, Esq.
Admitted *Pro hac vice*
mmoffa@perkinscoie.com
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd floor
New York, NY 10036
Telephone: (212) 262-6900
Facsimile: (212) 977-1649

*Attorneys for Defendant HMD America, Inc.*

- 9 -

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 2nd day of October 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

Howard L. Wernow
Aegis Tower – Suite 1100
4940 Munson Street NW
Canton, OH 44718
Phone: 330-244-1174
Fax: 330-244-1173
Email: howard.wernow@sswip.com
Email: litigation@sswip.com
Email: wernowlaw@gmail.com
**Attorneys for *Plaintiff, MOUNTECH IP LLC***

      By:    */s/ Joseph W. Bain*
            Joseph W. Bain
            Florida Bar No. 860360
            jbain@shutts.com